HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MERT KUMAS,

        Petitioner,

        v.

PAMELA BONDI,

        Respondents.

CASE NO. 2:26-cv-00721-RAJ

ORDER

## I.      INTRODUCTION

THIS MATTER comes before the Court on Petitioner Mert Kumas's Petition for Writ of Habeas Corpus, Dkt. # 1.  The Court has reviewed the petition, the submissions in support of and in opposition to the petition, and the balance of the record.  For the reasons set forth below, the Court **GRANTS** Mr. Kumas's petition.

## II.      BACKGROUND

Mr. Kumas is a citizen of Turkey.  Dkt. # 1 at 6.  In July 2024, he fled from Turkey because he feared persecution based on his religious beliefs.  *Id.*  He entered the United States in or around October 2024 and was detained by immigration officials shortly after and placed in removal proceedings.  *Id.*; Dkt. # 8 ¶¶ 3–5.  On August 11, 2025, an

ORDER – 1

immigration judge denied Mr. Kumas's claim for asylum and ordered his removal to Turkey, but granted Mr. Kumas's claim for withholding of removal to Turkey. Dkt. # 8 ¶ 8. Both parties waived their right to appeal. *Id.* On or around September 5, 2025, immigration officials informed Mr. Kumas that he may be removed to Uganda. *Id.* ¶ 10. There is no evidence in the record, however, that Respondents have made any progress toward removing Mr. Kumas to Uganda or any other country. Mr. Kumas has been detained since his arrest in October 2024 and is currently detained at the Northwest ICE Processing Center.

### III. LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). The district courts' habeas jurisdiction includes challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). A petitioner may seek habeas relief by showing that he or she is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). The petitioner bears the burden of proof by a preponderance of the evidence. *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).

### IV. DISCUSSION

#### A. *Zadvydas*

8 U.S.C. § 1231, a provision of the Immigration and Nationality Act, governs the detention of noncitizens subject to a final order of removal. Under this statute, once a removal order becomes administratively final, the government has 90 days—called the "removal period"—to remove the noncitizen from the United States. 8 U.S.C. § 1231(a)(1)(A). During the removal period, the noncitizen "shall" be detained. *Id.* § 1231(a)(2)(A). Once the removal period expires, the government "may" continue to detain certain noncitizens, including those subject to removal due to certain criminal offenses, or it may release the noncitizen on supervision. *Id.* § 1231(a)(6); *see also Zadvydas*, 533 U.S at 683.

ORDER – 2

The length that a noncitizen may be detained after expiration of the removal period is limited by "the Constitution's demands." *Zadvydas*, 533 U.S at 689. Specifically, the Fifth Amendment forbids the government from depriving any person of "life, liberty, or property, without due process of law." U.S. Const. amend. V. In *Zadvydas*, the Supreme Court held that, when read in light of this constitutional mandate, post-removal period detention under § 1231(a)(6) must be limited to "a period reasonably necessary to bring about [the noncitizen's] removal from the United States." *Zadvydas*, 533 U.S at 689.

*Zadvydas* established a framework to assess the reasonableness of post-removal period detention under 8 U.S.C. § 1231(a)(6). A total detention period of six months is presumptively reasonable. *Id.* at 701. After six months, a petitioner challenging his or her detention must "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* The burden then shifts to the government to come up with "evidence sufficient to rebut that showing." *Id.* If the government fails to rebut the showing, then the petitioner is entitled to habeas relief. *Id.* "For detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.*

The Court finds that Mr. Kumas is entitled to habeas relief under *Zadvydas*. His order of removal became administratively final on August 11, 2025. Dkt. # 8 ¶ 8. Thus, as of this order, Mr. Kumas has been detained for more than seven months after entry of a final order of removal, and his detention is not presumptively reasonable. He provides good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. An immigration judge granted Mr. Kumas's claim for withholding of removal and ordered that he cannot be removed to Turkey. *Id.* There is no evidence in the record that Respondents have taken any concrete steps to remove Mr. Kumas to any other country. In their return, Respondents make no genuine argument to rebut that conclusion that removal is not reasonably foreseeable. *See* Dkt. # 7 at 9.

ORDER – 3

Accordingly, the Court finds Mr. Kumas's current detention is unlawful under *Zadvydas* and he is entitled to immediate release.

**B.      Re-Detention**

Mr. Kumas also seeks an order prohibiting his future re-detention absent notice and a hearing before a neutral decisionmaker.  Dkt. # 1 at 24.  Respondents argue this request is "speculative" and "not ripe."  Dkt. # 7 at 10.

Federal courts are authorized to dispose of habeas matters "as law and justice require."  28 U.S.C. § 2243.  District courts "enjoy 'broad' discretion in fashioning remedies for habeas relief." *Johnson v. Uribe*, 700 F.3d 413, 425 (9th Cir. 2012) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987)).  Upon his release, Mr. Kumas will have a liberty interest in his continued freedom protected by due process.  *See Mathews v. Eldridge*, 424 U.S. 319, 335 (1976); *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025) ("The Supreme Court has repeatedly recognized that individuals who have been released from custody, even where such release is conditional, have a liberty interest in their continued liberty.").

The Court finds that imposing conditions on any future re-detention of Mr. Kumas is necessary to fully effectuate the intent of this order.  *See Uprety v. Bondi*, No. 25-cv-2443, 2026 WL 194227, at *4 (W.D. Wash. Jan. 26, 2026) ("Without any re-detention standard, the Government could theoretically re-detain [petitioner] immediately after release, which would render the Court's order meaningless.").  Accordingly, the Court finds it appropriate to prohibit re-detention of Mr. Kumas absent notice and opportunity to be heard, as described more fully below.  Several courts in this district have granted similar relief.  *See, e.g.*, *Wana v. Bondi*, No. 25-cv-2321, 2025 WL 3628634, at *6 (W.D. Wash. Dec. 15, 2025) (prohibiting re-detention without notice and hearing); *Tzafir v. Bondi*, No. 25-cv-2067, 2026 WL 74088, at *5 (W.D. Wash. Jan. 9, 2026) (same).

ORDER – 4

**C.      Third Country Removal**

Mr. Kumas also seeks an order prohibiting his removal to a third country without notice and meaningful opportunity to respond.  Dkt. # 1 at 25.

Respondents argue Mr. Kumas is not entitled to the requested relief because he is a member of the class in *D.V.D. v. U.S. Dep't of Homeland Sec.*, No. 25-cv-10676, 2025 WL 1453640 (D. Mass. May 21, 2025).  Dkt. # 7 at 10–12.  Several courts in this district have already addressed and rejected this argument.  *See, e.g.*, *Nguyen v. Scott*, 796 F. Supp. 3d 703, 730 (W.D. Wash. 2025) ("The class certification order in *D.V.D.* does not prevent this Court from adjudicating Petitioner's claims regarding third-country removal."); *Emara v. Bondi*, No. 26-cv-116, 2026 WL 266067, at *4 (W.D. Wash. Feb. 2, 2026) ("Petitioner's membership in the *D.V.D.* class does not deprive the Court of jurisdiction to adjudicate his claims for individual relief in his habeas action.").  The Court finds *D.V.D.* does not preclude Mr. Kumas's claims for the same reasons, including that Mr. Kumas's individual claims for relief are not identical to the claims at issue in *D.V.D.*, dismissal of his individual claims is discretionary, and the Court must follow established precedent in the absence of clear guidance from the Supreme Court.

Respondents do not otherwise contest Mr. Kumas's request for an order prohibiting his removal to a third country without notice and meaningful opportunity to respond.  The Court finds such an order is appropriate.

The issue is ripe for review because Respondents cannot remove Mr. Kumas to Turkey and are actively considering options for third country removal.  *See* Dkt. # 8 ¶¶ 8–11.  Moreover, ICE's current third country removal policy, as set out in a July 9, 2025 memorandum, affirmatively permits third country removal without adequate due process.  It states that in instances with adequate "diplomatic assurances" from the country of removal, a noncitizen may be removed "without the need for further procedures." *Nguyen*, 796 F. Supp. 3d at 728.  Even absent such assurances, the noncitizen may be removed in as little as six hours in "exigent circumstances."  *Id.*

ORDER – 5

Turning to the merits, a "noncitizen must be given sufficient notice of a country of deportation that, given his capacities and circumstances, he would have a reasonable opportunity to raise and pursue his claim for withholding of deportation." *Aden v. Nielsen*, 409 F. Supp. 3d 998, 1009 (W.D. Wash. 2019). "The guarantee of due process includes the right to a full and fair hearing, an impartial decisionmaker, and evaluation of the merits of his or her particular claim." *Id.* at 1010. "[B]oth the due process clause and the governing statute place the burden on the government—regardless of whether the country of deportation is designated during or after the removal hearing—to provide a meaningful opportunity to be heard on asylum and withholding claims." *Id.* These requirements "flow directly from binding Ninth Circuit precedent about due process protections before removal to a third country." *Nguyen*, 796 F. Supp. 3d at 727. As the court found in *Nguyen*, the policy set out in the July 9, 2025 ICE memorandum "contravenes Ninth Circuit law." *Id.* at 728. Thus, the Court finds it is appropriate to grant Mr. Kumas's requested relief to prevent the unlawful implementation of ICE's current third country removal policy.

Mr. Kumas also seeks an order prohibiting his removal to a third country because it is unconstitutionally punitive. Dkt. # 1 at 22–24. On the present record, the Court declines to find that removal to any third country would be unconstitutionally punitive in all instances. The relief granted above—notice and a meaningful opportunity to respond in reopened removal proceedings—will give Mr. Kumas the ability to contest removal to a third country where he is likely to face imprisonment or other harm, and nothing in this order precludes him from pursuing other avenues of relief if necessary.

//
//
//
//
//

ORDER – 6

## V.   CONCLUSION

For the forgoing reasons, the Court **GRANTS** Mr. Kumas's petition for writ of habeas corpus, Dkt. # 1.  The Court **ORDERS** that Respondents and all their officers, agents, employees, attorneys, and persons acting on their behalf or in concert with them:

(1)   Shall immediately release Mr. Kumas from custody on reasonable conditions of supervision;

(2)   Shall file with the Court a notice within 2 business days confirming Mr. Kumas's release;

(3)   Are prohibited from re-detaining Mr. Kumas unless and until providing at least 10 days' written notice and an opportunity to be heard before an immigration judge to determine whether re-detention is appropriate; and

(4)   Are prohibited from removing or attempting to remove Mr. Kumas to a third country without at least 10 days' written notice and a meaningful opportunity to be heard in reopened removal proceedings before an immigration judge.

Dated this 26th day of March, 2026.

_____

The Honorable Richard A. Jones
United States District Judge

ORDER – 7